IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00887-REB-CBS

ARTHUR REXRODE

    Plaintiff,

vs.

ALLSTATE INDEMNITY COMPANY,
an Illinois corporation,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Confidential information produced in the course of this litigation will be subject to the following terms:

1. Each party shall stamp all documents it deems to be confidential that are produced in discovery with a stamp stating that the information is confidential and subject to the terms of a protective order in this litigation.

2. Confidential information produced by either party can be reviewed only by the opposing party, its counsel of record and expert witnesses retained by the party to assist it in this litigation.

3. To the extent that the disclosure of confidential information is required in the course of depositions, the parties propose to utilize the following procedure:

    a. the deponent will be required to sign a Nondisclosure Agreement concerning the information;

    b. any individuals not authorized under the terms of this Order to receive confidential information will be excluded from the room in which the deposition is conducted while confidential information is being discussed;

    c. the portions of the depositions that are designated by the parties as involving confidential information will be prepared separately by the reporter and submitted to the parties under seal in an envelope containing the notice set forth in paragraph (7) of this Order.

4.  Individuals authorized to review confidential information pursuant to this Stipulation will not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized or by order of the Court. The information will be used by the parties and their experts solely for purposes associated with this litigation.

5.  Confidential information will not be provided to either party or its expert witnesses until the party and/or its experts have signed a Nondisclosure Agreement in the form attached hereto as Exhibit "A" certifying that they have read this Order and agree to be bound by its terms. At least ten (10) days prior to the date that the parties provide confidential information to any expert witness, the party will provide opposing counsel with a Nondisclosure Agreement signed by the expert.

6.  In the event either party contends that the other party has improperly classified information as confidential, the parties will attempt to resolve the issue between themselves. If the parties cannot resolve the dispute, the complaining party may file a motion requesting that the Court determine if the classification of the information as confidential is warranted.

7.  In the event it is necessary for the parties to file confidential information with the Court in connection with any pretrial proceedings or as evidence at trial, the information shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

    <u>Confidential</u>
    <u>This document is filed under seal. Unless otherwise ordered by the</u>
    <u>Court, it shall be reproduced for, or shown to, persons other than</u>
    <u>those entitled to have access to such documents under the</u>
    <u>Protective Order entered on               , 2006, in Civil Action</u>
    <u>No. 06-cv-887-REB-CBS in the United States District Court for</u>
    <u>the District of Colorado.</u>

    Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as confidential shall be filed in a sealed envelope containing the same information.

8.  To the extent it is deemed appropriate by the Court, the testimony of witnesses or statements of counsel that will require the disclosure of confidential information shall be made *in camera*, and the transcripts of such testimony and statements shall be sealed to be opened only as directed by the Court.

9.  Within 10 days of the conclusion of this litigation and any appeals associated therewith, all confidential documents provided in discovery, including any copies,

       extracts, or summaries thereof that have been prepared by either party, its counsel or its experts, and the portions of all transcripts of depositions and testimony that contain specific discussion of confidential information, shall be returned to the other party. No copies shall be retained by either party, its counsel or its expert witnesses.

10.     The parties specifically reserve all rights and remedies provided by law for breach of the terms of this Protective Order.

11.     The terms of paragraph d. shall survive termination of this action and return of confidential information.

WHEREFORE, the parties request that the Court enter an order approving the terms of this Protective Order and making it an order of this Court.

DATED at Denver, Colorado, this 10th day of January, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge