**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 06-cv-00887-REB-CBS

ARTHUR REXRODE,

     Plaintiff,

v.

ALLSTATE INDEMNITY COMPANY, an Illinois corporation,

     Defendant.

---

## ORDER RE: MOTIONS FOR SUMMARY JUDGMENT

---

**Blackburn, J.**

The matters before the are (1) **Plaintiff's Motion for Partial Summary Judgment and Determination of Question of Law** [#23], filed December 12, 2006; (2) **Defendant's Cross-Motion for Partial Summary Judgment** [#40], filed January 23, 2007; and (3) **Defendant's Motion for Partial Summary Judgment** [#62], filed March 9, 2007.  I grant plaintiff's motion and deny defendant's motions.

### I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

(1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d

1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the

outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct.

2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of

a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d

1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  By contrast, a

movant who bears the burden of proof must submit evidence to establish every

essential element of its claim or affirmative defense.  *See In re Ribozyme*

*Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo.

2002).  In either case, once the motion has been properly supported, the burden shifts

to the nonmovant to show, by tendering depositions, affidavits, and other competent

evidence, that summary judgment is not proper.  *Concrete Works*, 36 F.3d at 1518.[1]

All the evidence must be viewed in the light most favorable to the party opposing the

motion.  *Simms v. Oklahoma ex rel Department of Mental Health and Substance*

*Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

However, conclusory statements and testimony based merely on conjecture or

---

[1] However, the fact that the parties have filed cross-motions for summary judgment does not necessarily indicate that summary judgment is proper.  *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000); *James Barlow Family Ltd. Partnership v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997); *see also Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

subjective belief are not competent summary judgment evidence.  **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v. RAM Southwest, Inc.**, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  ANALYSIS

On February 28, 2003, plaintiff was injured in a car accident, which the parties agree was a covered event under plaintiff's auto insurance policy.  The policy provides coverage for, *inter alia*, "work loss," defined as "[l]oss of income during [the insured's] lifetime from work the 'insured' would have performed but for the 'bodily injury.'" (Def. Resp. App., Exh. C at 2.)  Plaintiff also had purchased enhanced personal injury protection (PIP) benefits, entitling him to work loss benefits in the amount of "100% of the first $125 of loss of gross income per week; plus 85% of loss of gross income per week in excess of $125." (**Id.**, Exh. D at 1.)  **See also** §§10-4-706(1)(d)(I) & 10-4-710(2)(a)(II), C.R.S. (2002).

The question presented by the parties' cross-motions for summary judgment is whether plaintiff's recoverable work loss benefits include the value of the employer-funded health, dental, and vision insurance plaintiff received prior to his accident. More specifically, the issue is whether such benefits should be included in the calculation of an insured's gross income when that term is not defined by the policy or the Colorado Auto Accident Reparations Act ("CAARA"), §§10-4-701 - 10-4-726, C.R.S., pursuant to which it was offered.[2]  This is an issue of first impression under

---

[2]  CAARA was repealed effective July 1, 2003, pursuant to its own sunset provision.  **See** § 10-4-726, C.R.S. (2003).

Colorado law.  I, thus, must make my best educated "*Erie* guess"[3] as to what the Colorado Supreme Court would decide if faced with this same question.  *See Pehle v. Farm Bureau Life Insurance Co.*, 397 F.3d 897, 901-02 (10th Cir. 2005).

The terms of an insurance policy should be given their plain and ordinary meanings.  *See Regional Bank of Colorado, N.A. v. St. Paul Fire and Marine Insurance Co.*, 35 F.3d 494, 496 (10th Cir. 1994) (citing *Terranova v. State Farm Mutual Automobile Insurance Co.,* 800 P.2d 58, 60 (Colo. 1990)).  Defendant insists that the plain and ordinary meaning of "gross income" is the figure shown as "gross income" on an individual's federal tax return.  I disagree.  Defendant reads too much into the Colorado court of appeals' decision in *Ramirez v. Veeley*, 757 P.2d 160 (Colo. App. 1988).  The question presented in *Ramirez* was whether the trial court erred in calculating the plaintiff's individual gross income based on the income of his business.  *Id*. at 162.[4]  Although the court there did use the gross income figure reported on the plaintiff's federal income tax return to calculate his individual income, the plaintiff did not dispute, and, in fact, advocated for, the use of those figures.  *See id*.  I, therefore, do not find *Ramirez* persuasive, let alone controlling, on the issue presented by this case.  *See also Wilson v. State Farm Mutual Automobile Insurance Co.*, 934 F.2d 261, 263 (10th Cir.1991) ("Although we agree that the ordinary meaning of gross income is total income exclusive of deductions, this is not dispositive of the issue. Rather, we

---

[3]  *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

[4]  The court concluded that this constituted error.  *See Ramirez*, 757 P.2d at 162 ("We conclude that loss of gross income per week pursuant to §10-4-706 must be computed on an individual's gross income and not on the gross sales or income of the individual's business.").

must decide what kind of gross income it is that the CAARA compensates in order to arrive at the correct formulation."); *Jones v. USAA Casualty Insurance Co.*, 952 P.2d 819, 821 (Colo. App. 1997) (fact that plaintiff was required to report receipt of sick leave benefits as income on her tax return irrelevant to question whether such benefits constituted work loss benefits under insurance policy; "We are interpreting the insurance policy, not the tax code.").

I find the Colorado Court of Appeals decision in *Jones v. USAA Casualty Insurance Co.*, 952 P.2d 819 (Colo. App. 1997), more instructive.  There, the court held that where a policy defines "work loss" as does the policy here, "the common, ordinary understanding of 'loss of income . . . from work' is 'lost wages[.]'" *See Jones*, 952 P.2d at 821.  The term "loss of gross income" was likewise determined to be properly defined as lost wages.  *Id.* at 822-23.  *Black's Law Dictionary* defines "wages" as:

> [C]ompensation of an employee based on time worked or output of production.  Wages include every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, bonuses, and the reasonable value of board, lodging, payments in kind, tips, and any similar advantage received from the employer.

BLACK'S LAW DICTIONARY at 1610 (8th ed. 2004).  As commonly understood, therefore, wages are not limited to mere salary or hourly pay, but encompass a wide variety of other forms of compensation that an employee may receive for services rendered.  This broader understanding of the term has been borne out in other contexts, such as under the worker's compensation laws and in dissolution of marriage cases, where various

types of benefits have been found to constitute wages.  *See, e.g.*, *Hartman v. Freedman*, 591 P.2d 1318, 1321 & n.1 (Colo. 1979) (vacation pay); *Montemayor v. Jacor Communications, Inc.*, 64 P.3d 916, 923 (Colo.App. 2002) (stock options).

I, thus, find and conclude that the value of plaintiff's employer-funded health, dental, and vision insurance benefits are wages, and concomitantly, are properly considered part of his "gross income."  They, therefore, must be included in the calculation of plaintiff's enhanced PIP benefits under the policy.  My conclusion that the Colorado Supreme Court would, thus, conclude is buttressed by the legislative directive to liberally construe CAARA to effectuate its expressed purpose, that is, "to avoid inadequate compensation to victims of automobile accidents."  §10-4-702, C.R.S.; *see Allstate Insurance Co. v. Smith*, 902 P.2d 1386, 1387-88 (Colo. 1995).  Moreover, although not controlling, the decisions of other state courts interpreting their own non-fault automobile insurance statutes persuade me that Colorado courts would find these types of benefits to constitute wages that must be included in the calculation of an insured's gross income.  *See, e.g.*, *Crum & Forster Insurance Group v. Wright*, 634 A.2d 373, 377 (Del. 1993); *Stewart v. Allstate Insurance Co.*, 618 So.2d 771, 773 (Fla. App. 1993).  Accordingly, plaintiff's motion for partial summary judgment on this discrete issue will be granted, and defendant's cross-motion denied.

In its second motion for partial summary judgment, defendant argues that it is not required to pay for the cost of a vocational rehabilitation evaluation of plaintiff performed by Concentra Integrated Services, Inc., because the provider failed to provide timely notice as required by CAARA.  The section on which defendant relies

6

provides, in relevant part:

> When an insured entitled to benefits under a complying
> policy is injured or believes he has been injured in an
> accident and is examined or treated by a physician or health
> care practitioner, such physician or health care practitioner
> shall notify the insurer within thirty calendar days after the
> insured's initial visit. The notice shall include, either through
> a billing statement for the procedure or treatment provided
> up to the date of the notice or by a separate statement, the
> name and address of the treating health professional, the
> evaluation or diagnosis, and the medical procedure
> performed or the medical treatment provided. . . .  If the
> treating health professional does not submit the required
> notice within the specified time, neither the insurer nor the
> injured person shall be responsible for the expense incurred
> for the medical procedure or treatment rendered prior to the
> late notification, unless the late notification is the result of
> excusable neglect.

§10-4-708.5, C.R.S.  An evaluation to determine whether an injured worker has

transferable skills or is otherwise employable is not a "medical procedure" or "medical

treatment."  Nor is a vocational rehabilitation specialist properly considered a

"physician or health care practitioner."  This section, therefore, is inapplicable to the

vocational testing for which plaintiff seeks reimbursement.

   **THEREFORE, IT IS ORDERED** as follows:

   1.  That **Plaintiff's Motion for Partial Summary Judgment and Determination
of Question of Law** [#23], filed December 12, 2006, is **GRANTED**;

   2.  That **Defendant's Cross-Motion for Partial Summary Judgment** [#40], filed
January 23, 2007, is **DENIED**; and

   3.  That **Defendant's Motion for Partial Summary Judgment** [#62], filed March
9, 2007, is **DENIED**.

Dated August 9, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**